■ MANUEL MEJIA, Respondent, v ANDREW R. LEVENBAUM et al., Appellants, et al., Defendants. [818 NYS2d 22]—

Order, Supreme Court, Bronx County (Alan Saks, J.), entered April 5, 2005, which, insofar as appealed from, denied defendants' respective motions for summary judgment dismissing plaintiff's claims pursuant to Labor Law § 241 (6) and § 200 and for common-law negligence, unanimously modified, on the law, the motions granted to the extent of dismissing plaintiff's Labor Law § 241 (6) claim as against all defendants and dismissing his Labor Law § 200 and common-law negligence claims as against defendant Levenbaum, and otherwise affirmed, without costs.

Inasmuch as plaintiff was engaged at the time of his accident in a "general clean out" of what had formerly been a restaurant

and the work being performed was not construction, excavation or demolition work within the meaning of Labor Law § 241 (6), his claim pursuant to that statute should have been dismissed (*see Nagel v D & R Realty Corp.*, 99 NY2d 98 [2002]).

Plaintiff's Labor Law § 200 and common-law negligence claims against defendant Levenbaum should also have been dismissed inasmuch as the record is devoid of any evidence that Mr. Levenbaum, an out-of-possession landlord, had notice of the alleged defect in the staircase. Although much is made of the fact that Mr. Levenbaum designed the building and oversaw the construction of the staircase, thereby creating the alleged defect, contrary to the motion court's finding, the record is devoid of any evidence of a design defect in or a dangerous condition on the staircase. While there is evidence that the stairs were somewhat worn, neither plaintiff nor his expert identified any defect or dangerous condition.

As to defendants-appellants Plum Third Street Corp., the lessee of the premises, and its owner, Tam Restaurants, Inc., we have considered their arguments regarding plaintiff's Labor Law § 200 claim and find no merit to them. Labor Law § 200, which is a codification of the broader common-law duty of a landowner to provide workers with a reasonable safe place to work (*see Lombardi v Stout*, 80 NY2d 290, 294 [1992]), does not require that the plaintiff be engaged in construction, excavation or demolition. Moreover, plaintiff's account of the accident is that it was caused not by a defect or dangerous condition on the staircase but rather the manner in which the removal of an unwieldy metal box was undertaken, and that it was the supervisor for Plum Third Street who directed him in that endeavor (*see id.* at 295). Concur—Buckley, P.J., Tom, Andrias, Gonzalez and Sweeny, JJ.