■ THOMAS F. KELLY, Plaintiff, v CITY OF NEW YORK, Respondent, and CRUZ CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Respondent. KLEINBERG ELECTRIC, INC., Third-Party Defendant-Respondent; URS CONSULTANTS, INC., Third-Party Defendant-Appellant. [823 NYS2d 86]—

In an action to recover damages for personal injuries, the second third-party defendant, URS Consultants, Inc., appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Queens County (LeVine, J.), dated December 2, 2004, as denied its motion for summary judgment dismissing the second third-party complaint against it and dismissing the cross claims asserted by the third-party defendant, Kleinberg Electric, Inc., against it, and (2) so much of an order of the same court (Elliot, J.) dated December 20, 2004, as denied its motion for summary judgment dismissing the cross claim asserted by the defendant City of New York against it.

Ordered that the order dated December 2, 2004 is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the cross claims of the third-party defendant, Kleinberg Electric, Inc., for common-law indemnification against URS Consultants, Inc., and substituting therefor a provision granting that branch of the motion; as so modified, the order dated December 2, 2004 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated December 20, 2004 is affirmed insofar as appealed from, without costs or disbursements.

URS Consultants, Inc. (hereinafter URS), failed to establish its prima facie entitlement to judgment as a matter of law dismissing the contribution claims asserted against it by Cruz Construction Corp. (hereinafter Cruz) and Kleinberg Electric, Inc. (hereinafter Kleinberg). Thus, this Court need not consider the sufficiency of the opposition papers (*see Kolosovskiy v Vitale,* 7 AD3d 579 [2004]).

Because there are triable issues of fact as to whether URS was negligent, and as to whether any such alleged negligence caused the plaintiff's injuries in whole or part, URS was not entitled to summary judgment on the contractual indemnification claims against it (*see Brasch v Yonkers Constr. Co.,* 306 AD2d 508 [2003]).

The owner of the job site, the City of New York, and the general contractor, Cruz, will be entitled to common-law indemnification if they are found vicariously liable pursuant to Labor Law § 240 (1) and § 241 (6) solely because of wrongdoing by URS (*see Chapel v Mitchell,* 84 NY2d 345 [1994]). Because there are triable issues of fact with respect to negligence on the part of URS, that branch of the motion of URS which was for summary judgment dismissing the common-law indemnification cross claims of the City and Cruz was properly denied (*see Fernandez v Suffolk County Water Auth.,* 276 AD2d 466 [2000]).

However, since any liability on the part of Kleinberg, the plaintiff's employer, could not be purely vicarious, URS was entitled to summary judgment dismissing Kleinberg's cross claims for common-law indemnification against it (*see Perri v Gilbert Johnson Enters., Ltd.,* 14 AD3d 681 [2005]; *see also Storms v Dominican Coll. of Blauvelt,* 308 AD2d 575 [2003] [common-law indemnification is warranted where a defendant's role in causing the plaintiff's injury is solely passive, and thus its liability is purely vicarious]). Florio, J.P., Adams, Luciano and Fisher, JJ., concur.