■ Joseph Gallagher et al., Respondents-Appellants, v Levien & Company et al., Respondents. (And a Third-Party Action.) Levien & Company et al., Second Third-Party Plaintiffs-Respondents, v Shroid Construction, Inc., Second Third-Party Defendant-Respondent, and Cord Construction, Second Third-Party Defendant-Appellant-Respondent. [898 NYS2d 35]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered September 16, 2008, which, to the extent appealed from as limited by the briefs, upon reargument of a prior order, same court and Justice, entered December 7, 2007, granted the motion of defendants Levien & Company and F.J. Sciame Construction Co., Inc. for summary judgment dismissing plaintiffs' Labor Law § 240 (1) claim and dismissing their Labor Law § 200 and common-law negligence claims as against Sciame, and denied the branch of second third-party defendant Cord Construction's motion for summary judgment that sought to

dismiss plaintiffs' Labor Law § 241 (6) claim and implicitly denied the branch of Cord's motion that sought to dismiss the second third-party complaint as against it, unanimously modified, on the law, to deny Levien and Sciame's motion, and to grant so much of Cord's motion as sought to dismiss the second third-party claim for contractual indemnification against it, and otherwise affirmed, without costs. Appeal from the December 7, 2007 order unanimously dismissed, without costs, as superseded by the appeal from the September 16, 2008 order.

While working on a synagogue restoration project, the injured plaintiff stepped or fell into a hole in an alleyway running alongside the building's wall and above its basement. Plaintiff testified that he became "wedged" in the hole, with one leg in it and the other on the ground above. He said that, immediately before falling, he picked up a piece of unsecured plywood that (unbeknownst to him) had been covering the hole, which he described as having an opening of three feet by four feet and exposing a drop of 10 to 15 feet to the basement floor below. In contrast, the general contractor's assistant superintendent, who arrived at the scene minutes after the accident occurred, testified that the hole in question (an opening for an air conditioning duct measuring 14 inches by 2 feet) was only two to three feet deep; that the hole was one of about 10 such openings in the alleyway, each of which had been covered with secured and marked pieces of plywood pursuant to plans; and that the piece of plywood that had covered the hole plaintiff fell into had perforations in its corners, and the pins left in the concrete had little bits of plywood attached to them.

In view of the conflicting testimony as to the height of the drop exposed by the hole, the size of the hole, and whether the plywood covering had been secured and marked, a triable issue exists whether plaintiff's injuries were causally related to a violation of Labor Law § 240 (1). Accordingly, Supreme Court erred in dismissing the claim under that statute.

The court correctly declined to dismiss plaintiff's Labor Law § 241 (6) claim predicated upon Industrial Code (12 NYCRR) § 23-1.7 (b) (1) ("Hazardous openings"). Based on plaintiff's testimony that he fell through the hole in the alleyway up to his chest (albeit with one leg still atop the hole), the Industrial Code provision is applicable to this case (*see Messina v City of New York*, 300 AD2d 121, 123-124 [2002]). However, the evidence raises factual issues whether the covering was properly marked and securely fastened and whether plaintiff pried up a secured covering over the hole and thus was the sole proximate cause of his injuries.

Plaintiff's Labor Law § 200 and common-law negligence claims should not have been dismissed as against Sciame, the general contractor, because the evidence raises factual issues whether Sciame had control over the work site and knew or should have known of the unsafe condition that allegedly brought about plaintiff's injury (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352-353 [1998]; *Urban v No. 5 Times Sq. Dev., LLC*, 62 AD3d 553, 556 [2009]). Sciame's foreman testified that it was "ultimately" the general contractor's responsibility to ensure that floor openings were properly covered, that he personally supervised the subcontractors' work, including that of Cord, which was responsible for covering air duct holes, and that the work with respect to which he instructed the subcontractors included such safety tasks as covering openings in the floor.

The second third-party claims for common-law indemnification and contribution against Cord were correctly sustained, given the existing factual issues whether Cord was negligent in covering and inspecting all duct holes, and notwithstanding Sciame's foreman's testimony that, as general contractor, Sciame inspected the duct hole coverings (*see e.g. Urban*, 62 AD2d at 557). Sciame having conceded that it could not locate the contract, its claim for contractual indemnification against Cord should have been dismissed. Concur—Tom, J.P., Friedman, Moskowitz, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 2008 NY Slip Op 32508(U).]**