Order, Supreme Court, New York County (Richard F. Braun, J.), entered March 21, 2012, which, insofar as appealed from as limited by the briefs, denied the motion of defendant/second third-party plaintiff Zapata Construction, Inc. (Zapata) for summary judgment dismissing the complaint against it, and denied Zapata’s motion for summary judgment on its contractual indemnification claim against defendant/second third-party defendant Hi-Rise Carpentry Corp. (Hi-Rise), unanimously affirmed, without costs.
Plaintiff alleges that while he was moving a large panel on a dolly toward the perimeter of the ninth floor of the new building being constructed, he sustained injuries when his entire leg got caught in an uncovered, rectangular hole in the floor, measuring about three feet by two feet. The court properly denied Zapata’s motion for summary judgment based on the conflicting deposition testimony regarding Zapata’s role in ensuring that any open holes in the floors, which were used by various contractors on the project, remained covered (see Gallagher v Levien & Co., 72 AD3d 407 [1st Dept 2010]; O’Connor v Lincoln Metrocenter Partners, 266 AD2d 60 [1st Dept 1999]). Two employees of a nonparty subcontractor testified to the effect that this task was handled primarily by Hi-Rise, pursuant to its subcontract with Zapata, whereas the general contractor’s highest-ranking employee who regularly worked on the site *624 testified that Zapata itself, rather than any of its subcontractors, was directly responsible for hole protection as of the day of the accident.
The court properly denied Zapata’s motion for summary judgment on its contractual indemnification claim against Hi-Rise. The provision at issue requires Hi-Rise to indemnify Zapata for injuries and damages incurred through the performance of the subcontract, insofar as caused by an act or omission of Hi-Rise, but limited to the extent of Hi-Rise’s negligence. Zapata failed to establish its freedom from negligence (see Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]), and there are issues of fact regarding the extent to which the accident may be attributed to Hi-Rise. Concur — Mazzarelli, J.E, Acosta, Renwick, Freedman and Manzanet-Daniels, JJ.