Michael Scott Lynch, Appellant, v Robert V. Baker, Defendant, and Robert Wenig et al., Respondents. [30 NYS3d 126]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), entered April 29, 2014, as granted that branch of the motion of the defendants Robert Wenig and Hertz Vehicles, LLC, which was for summary judgment dismissing the complaint insofar as asserted against the defendant Hertz Vehicles, LLC, and denied the plaintiff's cross motion for leave to serve an amended bill of particulars with respect to the defendant Hertz Vehicles, LLC.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, that branch of the motion of the defendants Robert Wenig and Hertz Vehicles, LLC, which was for summary judgment dismissing the complaint insofar as asserted against the defendant Hertz Vehicles, LLC, is denied, and the plaintiff's cross motion for leave to serve an amended bill of particulars with respect to the defendant Hertz Vehicles, LLC, is granted.

The plaintiff, a Suffolk County police officer, alleges that he was injured in the early morning hours of October 8, 2009, as a result of an automobile accident that occurred when he was engaged in a high-speed pursuit of the defendant Robert V. Baker, who was operating a Chevrolet owned by the defendant Hertz Vehicles, LLC (hereinafter Hertz). In his deposition testimony, Baker admitted that his driver license had been suspended prior to the October 8 accident, and as a result, he attempted to evade the plaintiff rather than pull over when the plaintiff attempted to stop him.

Two weeks prior to the October 8 accident, Hertz had rented a different vehicle, a Ford, to Robert Wenig, Baker's grandfather, while Wenig's car was being serviced at the car dealership where the Hertz dealer was housed. Baker had accompanied Wenig and been present when the Ford was rented. The Ford had been returned to Hertz two days later.

It is undisputed that the Chevrolet involved in the October 8 accident was not rented by Wenig, or with his knowledge or permission. Instead, on the day before the October 8 accident, the same Hertz rental agent who had rented the Ford to Wenig gave Baker the Chevrolet. According to Baker, Hertz gave him the Chevrolet because the repairs to Wenig's car had not been completed. The Hertz rental agent did not ask Baker to provide his driver license before giving him the keys to the Chevrolet. The rental agent testified at his deposition that he did not follow Hertz procedures to ensure that the driver license and credit card matched up with the person present at the time of rental.

In its answer to the plaintiff's amended complaint, Hertz denied that it had rented the Chevrolet to Wenig. It also denied that Baker operated the Chevrolet with the consent and permission of Hertz.

Following the conclusion of discovery, Wenig and Hertz (hereinafter together the Hertz defendants) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. With respect to Wenig, they asserted that he could not be liable since he did not give Baker permission to rent or operate the Chevrolet. As is relevant to this appeal, the Hertz defendants asserted that Hertz, as the lessor of the Chevrolet, was shielded from liability pursuant to the provisions of 49 USC § 30106, commonly known as the Graves Amendment. The plaintiff opposed the motion with respect to Hertz, and also cross-moved for leave to serve an amended bill of particulars, which would allege that Hertz had violated Vehicle and Traffic Law § 511-a (facilitating aggravated unlicensed operation of a motor vehicle). The bill of particulars already alleged that Baker had violated Vehicle and Traffic Law § 511 (unlicensed operation of a motor vehicle). In an order dated April 29, 2014, the Supreme Court, inter alia, awarded Hertz summary judgment dismissing the complaint insofar as asserted against it, and denied the plaintiff's cross motion. We reverse the order insofar as appealed from.

The Graves Amendment provides:

"(a) In general.—An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—

"(1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and

"(2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner)" (49 USC § 30106 [a] [1], [2]).

"The legislative history of the Graves Amendment indicates that it was intended to 'protect the vehicle rental and leasing industry against claims for vicarious liability where the leasing or rental company's only relation to the claim was that it was the technical owner of the [vehicle]' " (*Cioffi v S.M. Foods, Inc.*, 129 AD3d 888, 893 [2015], quoting *Rein v CAB E. LLC*, 2009 WL 1748905, *2, 2009 US Dist LEXIS 52617, *6 [SD NY, No. 08 Civ 2899 (PAC)], citing Statement of Representative Graves, 151 Cong Rec H1034, H1200 [Mar. 9, 2005]).

Here, the Hertz defendants' own submissions failed to eliminate triable issues of fact as to whether the Graves Amendment applied to shield Hertz from vicarious liability (*see Cioffi v S.M. Foods, Inc.*, 129 AD3d at 892; *Davido v Salazar*, 89 AD3d 463, 463 [2011]). An express element of the Graves Amendment is the existence of a lessor-lessee relationship (49 USC § 30106 [a]; *cf. Cioffi v S.M. Foods, Inc.*, 129 AD3d at 892; *Davido v Salazar*, 89 AD3d at 463), which Hertz denied existed in this case.

The Hertz defendants also failed to show, prima facie, that Hertz was entitled to judgment as a matter of law on any other basis with respect to the causes of action asserted against it by the plaintiff (*see Olmann v Neil*, 132 AD3d 744, 745 [2015]; *Cioffi v S.M. Foods, Inc.*, 129 AD3d at 892; *Davido v Salazar*, 89 AD3d at 463; *Terranova v Waheed Brokerage, Inc.*, 78 AD3d 1040, 1040 [2010]). The remaining contentions with respect to Hertz are without merit.

Accordingly, that branch of the Hertz defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Hertz should have been denied regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Notwithstanding the plaintiff's delay in seeking leave to serve an amended bill of particulars, which would allege a violation of Vehicle and Traffic Law § 511-a, the Supreme Court should have permitted the amendment. Generally, such leave should be freely granted (*see* CPLR 3025 [b]; *Rodgers v New York City Tr. Auth.*, 109 AD3d 535, 536 [2013]), especially where, as here, "the proposed amendment [is] not palpably insufficient or patently devoid of merit, and there [is] no evidence that it would prejudice or surprise the [opposing party]" (*Blue Diamond Fuel Oil Corp. v Lev Mgt. Corp.*, 103

AD3d 675, 676 [2013]; *see Hothan v Mercy Med. Ctr.*, 105 AD3d 905, 906 [2013]; *Maldonado v Newport Gardens, Inc.*, 91 AD3d 731, 731-732 [2012]; *cf. Canals v Lai*, 132 AD3d 626 [2015]). Where this standard is met, "[t]he sufficiency or underlying merit of the proposed amendment is to be examined no further" (*Maldonado v Newport Gardens, Inc.*, 91 AD3d at 732; *see Lucido v Mancuso*, 49 AD3d 220, 227 [2008]).

Accordingly, the plaintiff's cross motion for leave to serve an amended bill of particulars with respect to Hertz should have been granted. Leventhal, J.P., Dickerson, Maltese and Duffy, JJ., concur.