■ VITOR ROCHA et al., Respondents-Appellants, v GRT CONSTRUCTION OF NEW YORK, Appellant-Respondent, and 234 WEST 16TH STREET OWNERS CORP. et al., Respondents, et al., Defendants. [44 NYS3d 149]—

In an action to recover damages for personal injuries, etc., the defendant GRT Construction of New York appeals, as limited by its brief and its letter dated March 30, 2015, from so much of an order of the Supreme Court, Queens County (Agate, J.), entered June 27, 2014, as granted that branch of the cross motion of the defendant Deep Water Group, Inc., which was for summary judgment on its cross claim for conditional common-law indemnification against the defendant GRT Construction of New York, and the plaintiffs cross-appeal from so much of the same order as granted those branches of the motion of the defendant DJM Contracting Services Corp. which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it, and denied the plaintiffs' cross motion for leave to serve an amended bill of particulars

with respect to the defendants 234 West 16th Street Owners Corp. and Merlot Management, LLC.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs payable by the defendants 234 West 16th Street Owners Corp., DJM Contracting Services Corp., Merlot Management, LLC, and Deep Water Group, Inc., to the plaintiffs and the defendant GRT Construction of New York, appearing separately and filing separate briefs, that branch of the cross motion of the defendant Deep Water Group, Inc., which was for summary judgment on its cross claim for conditional common-law indemnification against GRT Construction of New York is denied, those branches of the motion of the defendant DJM Contracting Services Corp. which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it are denied, the plaintiffs' cross motion for leave to amend their bill of particulars with respect to the defendants 234 West 16th Street Owners Corp. and Merlot Management, LLC, is granted, and the proposed amended bill of particulars is deemed served.

The plaintiff Vitor Rocha (hereinafter the plaintiff) allegedly was injured when he fell into a hole in the basement of a building owned by the defendant 234 West 16th Street Owners Corp. (hereinafter Owners Corp.) and managed by the defendant Merlot Management, LLC (hereinafter Merlot). On the date of the accident, the plaintiff was employed by the defendants Faleiro Moving and Ricardo Faleiro to move boxes and furniture out of the basement, which was under construction. The defendant DJM Contracting Services Corp. (hereinafter DJM) was a general contractor engaged by Owners Corp., among other things, to install support columns and dig test pits for soil samples in the basement. DJM entered into a subcontract with the defendant Deep Water Group, Inc. (hereinafter Deep), and Deep engaged a sub-subcontractor, the defendant GRT Construction of New York (hereinafter GRT).

The Supreme Court erred in granting those branches of the motion of the general contractor, DJM, which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it. "Labor Law § 200 is a codification of the common-law duty of property owners and general contractors to provide workers with a safe place to work" (*Slikas v Cyclone Realty, LLC*, 78 AD3d 144, 147 [2010]; *see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Seales v Trident Structural Corp.*, 142 AD3d 1153 [2016]).

Contrary to DJM's contention, the protection of Labor Law § 200 is not confined to construction work, and encompasses the plaintiff's work in this case (*see Jock v Fien*, 80 NY2d 965, 967 [1992]; *Foots v Consolidated Bldg. Contrs., Inc.*, 119 AD3d 1324, 1325 [2014]; *Beadleston v American Tissue Corp.*, 41 AD3d 1074, 1076-1077 [2007]; *Mejia v Levenbaum*, 30 AD3d 262 [2006]; *Yong Ju Kim v Herbert Constr. Co.*, 275 AD2d 709, 712 [2000]).

Where, as here, "a plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises, a general contractor may be liable in common-law negligence and under Labor Law § 200 only if it had control over the work site and either created the dangerous condition or had actual or constructive notice of it" (*Martinez v City of New York*, 73 AD3d 993, 998 [2010]; *see Doto v Astoria Energy II, LLC*, 129 AD3d 660, 663 [2015]; *Nasuro v PI Assoc., LLC*, 49 AD3d 829, 831 [2008]). DJM failed to establish, prima facie, that it did not have control over the work site, or that it did not create or have actual or constructive notice of the alleged dangerous condition (*see Sotomayer v Metropolitan Transp. Auth.*, 92 AD3d 862, 864 [2012]; *Slikas v Cyclone Realty, LLC*, 78 AD3d at 149; *Gallagher v Levien & Co.*, 72 AD3d 407, 409 [2010]). Accordingly, those branches of DJM's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it should have been denied, regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Sotomayer v Metropolitan Transp. Auth.*, 92 AD3d at 864). In view of our determination, we need not address the plaintiffs' remaining contentions concerning DJM's entitlement to summary judgment.

Moreover, the Supreme Court should have denied that branch of the cross motion of the subcontractor, Deep, which was for summary judgment on its cross claim for conditional common-law indemnification against the sub-subcontractor, GRT. Deep failed to establish, prima facie, that any liability on its part would be purely vicarious for the liability of GRT (*see Kelly v City of New York*, 32 AD3d 901, 902 [2006]).

Notwithstanding the plaintiffs' delay in seeking leave to serve an amended bill of particulars, which would allege a violation of Multiple Dwelling Law § 78, the Supreme Court should have permitted the amendment. Generally, such leave should be freely granted (*see* CPLR 3025 [b]), especially where, as here, the proposed amendment is not palpably insufficient

or patently devoid of merit, and there is no evidence that it would prejudice or surprise the opposing party, since the proposed amendment arises out of the same facts as those set forth in the complaint (*see Lynch v Baker*, 138 AD3d 695, 697 [2016]; *Ciminello v Sullivan*, 120 AD3d 1176, 1177 [2014]; *cf. Friedman v 1753 Realty Co.*, 117 AD3d 781, 783 [2014]). Where this standard is met, "[t]he sufficiency or underlying merit of the proposed amendment is to be examined no further" (*Lynch v Baker*, 138 AD3d at 698 [internal quotation marks omitted]; *see Lucido v Mancuso*, 49 AD3d 220, 227-229 [2008]). Accordingly, the plaintiffs' cross motion for leave to serve an amended bill of particulars with respect to Owners Corp. and Merlot should have been granted. Hall, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.