Cedano v New York Racing Assn., Inc. (2019 NY Slip Op 03022)





Cedano v New York Racing Assn., Inc.


2019 NY Slip Op 03022


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-05902
 (Index No. 706130/14)

[*1]Miguel Cedano, appellant, 
v
New York Racing Association, Inc., respondent (and a third-party action).


Ardito Law Firm, P.C., Garden City, NY (Raymond Ardito of counsel), for appellant.
Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Andrew K. Preston of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered November 7, 2016. The order, insofar as appealed from, denied the plaintiff's cross motion for leave to amend the bill of particulars.
ORDERED that the order is affirmed insofar as appealed from, with costs.
"Motions to amend or supplement a bill of particulars are governed by the same standards as those applying to motions to amend pleadings" (Scarangello v State of New York, 111 AD2d 798, 798; see Lee v Allen, 165 AD3d 907, 907-908; Liese v Hennessey, 164 AD3d 1318, 1319; Rocha v GRT Constr. of N.Y., 145 AD3d 926, 928-929; Lynch v Baker, 138 AD3d 695, 697). CPLR 3025(b) provides that "[a]ny motion to amend or supplement pleadings shall be accompanied by the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleading." Here, the plaintiff failed to submit a proposed amended bill of particulars on his cross motion for leave to amend the bill of particulars, as required by CPLR 3025(b). Therefore, we agree with the Supreme Court's determination to deny that cross motion (see G4 Noteholder, LLC v LDC Props., LLC, 153 AD3d 1326, 1327; Scialdone v Stepping Stones Assoc., L.P., 148 AD3d 950, 952; Barone v Concert Serv. Specialists, Inc., 127 AD3d 1119, 1120; Muro-Light v Farley, 95 AD3d 846, 847; Chang v First Am. Tit. Ins. Co. of N.Y., 20 AD3d 502, 502).
MASTRO, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court