Healey v Ean Holdings, LLC (2020 NY Slip Op 01332)





Healey v Ean Holdings, LLC


2020 NY Slip Op 01332


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-11665
 (Index No. 151162/15)

[*1]Brian Healey, et al., plaintiffs-appellants,
v
Ean Holdings, LLC, et al., respondents, et al., defendants; Joanne Siclari-Dimino, nonparty- appellant (and other actions).


Debra S. Reiser, New York, NY, for plaintiffs-appellants.
Greenberg Traurig, LLP, New York, NY (Loring I. Fenton of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal, and nonparty Joann Siclari-Dimino cross-appeals, from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated August 20, 2018. The order denied the plaintiffs' motion for leave to amend the amended complaint.
ORDERED that the cross appeal is dismissed as abandoned; and it is further,
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiffs' motion which was for leave to amend the amended complaint to include allegations that a rental agreement between the defendants Ean Holdings, LLC, and ELRAC, LLC, and the defendant John Barbaria, had expired before September 5, 2015, and that 49 USC § 30106(a) is inapplicable in this action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On September 5, 2015, the plaintiff Brian Healey allegedly was injured when a vehicle in which he was a passenger was struck by a vehicle driven by the defendant John Barbaria. The vehicle Barbaria was driving was allegedly owned by the defendants Ean Holdings, LLC, and ELRAC, LLC (hereinafter together the ELRAC defendants), and had been rented to Barbaria on August 5, 2015. The rental agreement signed by Barbaria provided that he was to return the vehicle by August 12, 2015.
The plaintiffs commenced this personal injury action. The ELRAC defendants asserted as an affirmative defense in their answer that under 49 USC § 30106(a), known as the Graves Amendment, they could not be held vicariously liable for the accident. The plaintiffs thereafter moved for leave to amend the amended complaint to assert a cause of action (the second cause of action in the proposed second amended complaint) alleging that the ELRAC defendants were negligent in "losing the protection of [the Graves Amendment]" by permitting Barbaria to operate the vehicle after the rental agreement expired. The Supreme Court denied the motion, and [*2]the plaintiffs appeal.
"[I]n the absence of prejudice or surprise to the opposing party, leave to amend a [pleading] should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Rodgers v New York City Tr. Auth., 109 AD3d 535, 536, quoting Delahaye v Saint Anns School, 40 AD3d 679, 685; see CPLR 3025[b]). Here, the negligence cause of action the plaintiffs sought to add was palpably insufficient and patently devoid of merit since the ELRAC defendants' purported conduct of "losing the protection of [the Graves Amendment]" was not alleged to constitute, and could not have constituted, a breach of any duty to the plaintiffs, resulting in injury to the plaintiffs (see Ferdico v Zweig, 82 AD3d 1151, 1154; see generally Poon v Nisanov, 162 AD3d 804, 806). Accordingly, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiffs' motion which was for leave to amend the amended complaint to add the proposed second cause of action.
Nevertheless, to the extent that the plaintiffs sought to amend the amended complaint merely to add the allegations that the rental agreement between the ELRAC defendants and Barbaria had expired before September 5, 2015, and that the Graves Amendment was therefore inapplicable, such amendment should have been permitted, as it was neither palpably insufficient nor patently devoid of merit (see 49 USC § 30106[a]; Cioffi v S.M. Foods, Inc., 129 AD3d 888). "Where this standard is met, [t]he sufficiency or underlying merit of the proposed amendment is to be examined no further'" (Lynch v Baker, 138 AD3d 695, 698, quoting Maldonado v Newport Gardens, Inc., 91 AD3d 731, 732). We therefore modify the order dated August 20, 2018, so as to permit such amendment.
BALKIN, J.P., LEVENTHAL, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court