**Rodriguez v Wheeler**

2024 NY Slip Op 32331(U)

July 9, 2024

Supreme Court, New York County

Docket Number: Index No. 160839/2020

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. MARY V. ROSADO** | PART **33M** |
| _Justice_ | |

-----------------------------------------------------------------------------X

SAMUEL RODRIGUEZ, YESENIA RODRIGUEZ,

Plaintiff,

- v -

DAVID WHEELER, DKW HOME IMPROVEMENTS,
JUSTINE WITZKE, ERIC WITZKE,

Defendant.

-----------------------------------------------------------------------------X

DAVID WHEELER, DKW HOME IMPROVEMENTS

Plaintiff,

-against-

DRYWALL SOLUTIONS INC.

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160839/2020 |
| MOTION DATE | 12/02/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595483/2021

The following e-filed documents, listed by NYSCEF document number (Motion 002) 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 119, 120, 121, 122, 123, 129, 130, 131, 132, 134, 136, 137, 138, 144, 145, 146, 147, 148, 149, 150, 152

were read on this motion to/for _____ JUDGMENT - SUMMARY _____ .

Upon the foregoing documents, and oral argument, which took place on October 3, 2023, where Gregory S. Gennarelli, Esq. appeared for Plaintiffs Samuel Rodriguez ("Mr. Rodriguez") and Yesenia Rodriguez (collectively "Plaintiffs"), Jeffrey L. Richman, Esq. appeared for Defendants/Third-Party Plaintiffs, David Wheeler ("Mr. Wheeler") and DKW Home Improvements ("DKW"), Charles J. Scheld, Esq. appeared for Defendant Justine Witzke ("Justine") and Christoper L. Cornish, Esq. appeared for Defendant Eric Witzke ("Eric"), Mr. Wheeler and DKW's motion for summary judgment is granted in part and denied in part. Eric's

160839/2020  RODRIGUEZ, SAMUEL vs. WHEELER, DAVID
Motion No. 002

Page 1 of 12

[* 1]

cross motion for summary judgment is granted. Plaintiffs' cross motion for summary judgment is denied.

## A. Background

This is a labor law action arising from Mr. Rodriguez's alleged fall from a scaffold while at a residence owned by Justine (NYSCEF Doc. 1 at ¶¶ 10, 83-90). Justine's property was located at 3002 Noyac Road, Sag Harbor, New York (the "Residence") (*id.* at ¶ 10). Mr. Rodriguez was an employee of the defaulted third-party defendant Drywall Solutions Inc. ("Drywall Solutions") (NYSCEF Doc. 67 at ¶ 57). Drywall was a subcontractor of Defendant DKW (NYSCEF Doc. 93). Justine and DKW executed a construction contract wherein DKW contracted to complete construction work at the Residence (NYSCEF Doc. 92). Eric is Justine's father. Eric would visit the Residence two to three times a month (NYSCEF Doc. 67 at 17:16-17).

DKW obtained permits required for work at the Residence (NYSCEF Doc. 65 at 16:2-10). Mr. Wheeler testified it was his responsibility to obtain the certificate of completion (*id.* at 17:7-10). DKW subcontracted work to Drywall Solutions (*id.* at 18:2-6). DKW admitted that as general contractor, it was DKW's responsibility to oversee the work that subcontractors performed (*id.* at 141:2-6). DKW admitted that Justine never told DKW how to perform construction work and he rarely saw Justine at the Residence. (*id.* at 142:9-14; 143:12-18).

Pursuant to DKW's contract, it agreed to be responsible for all acts and omissions of its subcontractors, and DKW was responsible for safety (NYSCEF Doc. 92 at ¶¶ 9.5 and 9.10). The contract contained terms for final payment: if DKW considered the work substantially complete it would have to conduct an inspection with Justine and Justine would provide a punch list of items to be completed to reach final completion. (*id.* at ¶ 5.2). This never occurred.

160839/2020  RODRIGUEZ, SAMUEL vs. WHEELER, DAVID  Page 2 of 12
Motion No. 002

[* 2]  2 of 12

Eric kept a scaffold at the Residence. (NYSCEF Doc. 67 at 21:10-13). Eric testified that when he left the Residence, the scaffold was disassembled and kept on the closed-in front porch (*id.* at 23:16-17 and 24:9-10). Eric never discussed the use of his scaffold with either DKW or Drywall (*id.* at 24:18-25 and 25:2-19). He never instructed DKW or Drywall Solutions to use the scaffold (*id.* at 25:3-8). Eric was responsible for other work including plumbing, electrical, and HVAC work (NYSCEF Doc. 67 at 38:3-16). Eric was not responsible for the drywall work.

Prior to Mr. Rodriguez's fall, Eric and Justine met with Joseph Schweigert ("Mr. Schweigert") from Drywall Solutions to discuss drywall installation which was either incomplete or done incorrectly (NYSCEF Doc. 67. at 28:5-9). Mr. Wheeler was not present at the meeting although his presence was requested. (*id.* at 28:10-13). Mr. Schweigert conceded that he fixed the work pursuant to his obligations under the contract with DKW (NYSCEF Doc. 68 at 38). Mr. Schweigert arrived at the residence on the date of the accident and told his employees not to use Eric's scaffold. (*id.* at 48:19-25; 66:23-25). Prior to his fall, Mr. Schweigert instructed Mr. Rodriguez to leave because there was not enough work. (*id.* at 52:5-12).

Mr. Rodriguez testified that he brought his own ladders and planks to complete his work (NYSCEF Doc. at 44:7-8). Mr. Rodriguez testified that the ladders were sufficient to apply sheetrock (*id.* at 46:6-13). Nonetheless, Mr. Rodriguez used Eric's scaffold on the date of the incident, although he stated he never asked for permission (*id.* at 47:8-21). Mr. Rodriguez testified there were no guardrails around the platform of the scaffold nor were there any safety harnesses (*id.* at 51: 19-25 and 52:2-14). Mr. Rodriguez climbed up a ladder on the right side of the scaffold and was attempting to use a crown stapler (*id.* at 58:19-24; 61:12-23). Mr. Rodriguez testified the pressure from the crown stapler pushed the scaffold causing him to fall (*id.* at 65:4-10).

[* 3]

### B. The Instant Motion and Cross-Motions

#### 1. Mr. Wheeler and DKW's Motion

DKW's motion is premised on the argument that it was not the general contractor on the date of Mr. Rodriguez's accident (NYSCEF Doc. 55). They further argue that the Labor Law § 200 and common law negligence claims must be dismissed because they did not supervise or control Mr. Rodriguez's work at the subject premises. Finally, DKW argues that Mr. Rodriguez was the sole proximate cause of the accident because he had his own ladder which he could have used but instead used the scaffold without permission and against Mr. Schweigert's direction and refused to leave the premises despite being instructed to do so.

Eric opposed arguing that DKW was still general contractor, and simply because Mr. Wheeler and DKW decided not to supervise Dry Wall's finishing work does not absolve them of liability. Eric cites to the contract executed by DKW. Eric argues that because final payment was not issued DKW remained general contractor. Plaintiffs opposed arguing that contributory negligence does not exonerate a defendant where a Labor Law § 240(1) violation exists. Plaintiffs further oppose by pointing to facts that DKW served as the general contractor. Plaintiffs further argue the general contractor had a duty to provide a safe job site to those lawfully present.[1]

#### 2. Eric's Cross-motion

Eric argues that he should be dismissed from this case because he was not the general contractor but merely an advocate for his daughter (NYSCEF Doc. 95). He argues he had no control over the means and methods by which Mr. Rodriguez was to install the cornerbead. He argues that Mr. Schweigert admitted the repair work was part of his subcontracted work with

---

[1] Mr. Wheeler and DKW's reply to the opposition to their motion is largely repetitive of their original motion papers and so for the sake of brevity the Court omits a summary of them.

160839/2020  RODRIGUEZ, SAMUEL vs. WHEELER, DAVID
Motion No. 002

Page 4 of 12

4 of 12

DKW. Eric argues he cannot be liable under Labor Law § 200 because he had no notice of an allegedly defective condition. DKW opposes by arguing it is an issue of fact as to whether Eric was a general contractor. Plaintiffs oppose by arguing Eric provided a defective scaffold. In reply, Eric argues his scrutiny of certain work did not transform him into a general contractor.

### 3. Plaintiffs' Cross-motion

Plaintiffs cross-move for summary judgment. Plaintiffs argue that DKW was the general contractor on site responsible for the means and methods of the work being performed. Plaintiffs argue because Mr. Rodriguez fell from an unsafe scaffold they are entitled to summary judgment on their Labor Law § 240(1) claim. Plaintiffs likewise argue that failure to provide safeguards or fall protection equipment warrants summary judgment on their Labor Law § 241(6) claim. Plaintiffs further argue that they are entitled to summary judgment on § 200.

Eric opposes on the grounds that he cannot be held liable because he was neither an owner nor a contractor. Eric also argues that the scaffold was left unassembled, and Mr. Rodriguez was never given permission to use it. Eric argues he had no notice of the allegedly defective condition.

DKW opposes on the grounds that the cross-motion is untimely. It also argues that Plaintiffs cannot be granted summary judgment against DKW because it was not the general contractor. It argues that Mr. Rodriguez's actions were the sole proximate cause of the accident because he had his own ladder available to him but used a scaffold despite no express permission to use the scaffold, and he refused to leave the Residence despite being instructed to do so.

### C. Legal Analysis

### 1. Standard

Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v*

160839/2020  RODRIGUEZ, SAMUEL vs. WHEELER, DAVID
Motion No. 002

Page 5 of 12

*Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.,* 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial. *See e.g., Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.,* 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment (*see Banco Popular North Am. v Victory Taxi Mgt., Inc.,* 1 NY3d 381 [2004]).

### 2. Mr. Wheeler and DKW's Motion for Summary Judgment[2]

#### a. Status as General Contractor

The Court cannot grant DKW's motion for summary judgment on the grounds as there are triable issues of fact as to whether DKW was the general contractor. Mr. Rodriguez testified that DKW was the general contractor on the date of the incident and someone from DKW visited him at the hospital. Mr. Rodriguez's employer, Dry Wall Solutions, was only working at the Residence pursuant to a contract with DKW. It is undisputed that DKW pulled a permit as a general contractor and signed a contract with Justine to serve as a contractor. It is undisputed that the work for which DKW was contracted included dry wall installation. DKW's contract outlined the means by which the contractor could terminate the contract or when work would be considered finished, but the uncontradicted record evidence shows those terms were not satisfied. DKW was invited to conduct a walkthrough of the dry wall work with Justine, Eric, and Mr. Schweigert, yet DKW refused to go. Refusing to carry out one's duties as a general contractor does not relieve the general contractor

---

[2] No party has opposed Mr. Wheeler's application to be dismissed as an individual defendant and so the Court grants Mr. Wheeler's motion for summary judgment dismissing claims as to him individually.

**160839/2020 RODRIGUEZ, SAMUEL vs. WHEELER, DAVID**
**Motion No. 002**

Page 6 of 12

6 of 12

of their legal responsibility. The Court cannot grant summary judgment on the grounds that DKW was not a general contractor.

### b. Labor Law § 200

Viewing the facts in the light most favorable to the non-movants, DKW's motion to dismiss the Labor Law § 200 claim is denied. DKW agreed to be the contractor for the portion of the project involving dry wall work. DKW agreed to be responsible for the acts and omissions of its subcontractors, including Dry Wall Solutions, and agreed to be responsible for safety at the Residence. Had DKW been present on the site while Mr. Rodriguez was at the premises, it could have prevented him from mounting the scaffold. Based on this evidentiary record, the Court is unable to dismiss the Labor Law § 200 claims against DKW.

### c. Labor Law §240(1)

The Court rejects DKW and Mr. Wheeler's argument that Mr. Rodriguez, as a matter of law, can be considered the sole proximate cause of the accident. To raise a triable issue of fact as to whether plaintiff was the sole proximate cause of an accident, the defendant moving for summary judgment must produce evidence that adequate safety devices were available, that plaintiff knew they were available and was expected to use them, and that plaintiff unreasonably chose not to do so (*Nacewicz v Roman Catholic Church of the Holy Cross*, 105 AD3d 402, 402-403 [1st Dept 2013]). Although DKW highlights the testimony of Mr. Schweigert who claimed to tell Mr. Rodriguez not to use the scaffold, this is contradicted by the testimony of Mr. Rodriguez who claims nobody told him using the scaffold was forbidden. (*id.* at 403).

Likewise, although DKW and Mr. Wheeler argue Mr. Rodriguez should have used the safety rails available at the Residence, it was not established that Mr. Rodriguez knew that safety rails for the scaffold were present at the Residence. Likewise, there is no evidence that there was

160839/2020  RODRIGUEZ, SAMUEL vs. WHEELER, DAVID
Motion No. 002

Page 7 of 12

[* 7]

7 of 12

any fall protection offered to Mr. Rodriguez (*Gutierrez v 451 Lexington Realty LLC*, 156 AD3d 418 [1st Dept 2017]). It is well established that comparative fault is not a defense to an action based on Labor Law §240(1) (*Bland v Manocherian,* 66 NY2d 452 [1985]). Accordingly, the Labor Law § 240(1) claims cannot be dismissed as to DKW on summary judgment.

### d. Labor Law § 241(6)

DKW's motion for summary judgment seeking dismissal of Plaintiff's Labor Law § 241(6) is denied. To prevail on a Labor Law § 241(6) claim, a plaintiff must plead with particularity a specific section of the Industrial Code (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 601 [1993]). Plaintiffs allege violations of Industrial Code §§ 23-5.1(j)(1) and 23-5.18(b) which mandate that workers utilizing scaffolds "shall be provided with safety railings." Moreover, 23-5.1(b) requires that workers be protected from the movement of scaffolds and requires that scaffolds shall be secure against movement in any direction. Finally, 23-5.1(c)(2) requires that every scaffold be provided with adequate horizontal and diagonal bracing to prevent a lateral movement. Here, it is undisputed that (a) there were no safety railings on the erected scaffold, and (b) the scaffold moved from the force of a staple gun and was therefore not secure against movement. It is likewise undisputed that Mr. Rodriguez was completing drywall installation which was within DKW scope of contracted work. DKW contracted to supervise the drywall installation to ensure it was done in a safe manner. Accordingly, summary DKW is not entitled to summary judgment dismissing Plaintiffs' Labor Law § 241(6) claims.

### 3. Eric's Cross-motion for Summary Judgment

#### a. Labor Law §§ 240(1) and 241(6)

Eric's motion seeking summary judgment dismissing Plaintiffs' Labor Law §240(1) and 241(6) claims is granted. Eric was neither a contractor nor an owner who supervised and controlled

**160839/2020 RODRIGUEZ, SAMUEL vs. WHEELER, DAVID** **Page 8 of 12**
**Motion No. 002**

8 of 12

the work performed. There is no evidence in the record of any contracts which Eric entered with anyone involved in construction work at the premises, let alone DKW or Dry Wall Solutions. Even if Eric can be considered an agent for Justine, it is undisputed that Eric did not control the manner and method by which Mr. Rodriguez conducted his work (*see, e.g. Affri v Basch*, 13 NY3d 592 [2009] [owners not liable where discussions were limited to results owners wished to see, not the method or manner in which the work was then to be performed]; *Urquiza v Park and 76th St., Inc.*, 172 AD3d 518 [1st Dept 2019]; *Levy v Baumgarten*, 147 AD3d 823, 824 [2d Dept 2017] [alleged discussion about scope of project and request to install a shelf and support beams insufficient to transform defendant from a legitimately concerned homeowner into a defacto supervisor]; *Thompson v Geniesse*, 62 AD3d 541, 542 [1st Dept 2009] [owners periodically checking to see if quality of the work was reflective of architect's plans does not constitute direction and control]).

Even if Eric was considered a contractor who was working on the site at the same time as DKW and his subcontractors, it is undisputed that DKW was hired to be the general contractor for the drywall portion of the project. Pursuant to DKW's contract with Justine, it assumed responsibility for the acts of its subcontractors and assumed responsibility for workplace safety. (*Russin v Louis N Picciano & Son*, 54 NY2d 311 [1981] [prime contractors could not be held liable for failure to provide a safe place to work to general contractor's employee]). The undisputed facts related to the drywall installation which caused Plaintiff's injury show that Eric was merely a father who was advocating for his daughter. This is insufficient to impose liability (*see also Nai Ren Jiang v Yeh*, 95 AD3d 970 [2d Dept 2012] [mere fact that homeowner kept construction equipment in home did not establish that he directed or controlled work, and homeowners did not become general contractors by hiring separate contractors to perform different aspects of project]).

160839/2020 RODRIGUEZ, SAMUEL vs. WHEELER, DAVID Page 9 of 12
Motion No. 002

9 of 12

### b. Labor Law § 200

Plaintiffs' Labor Law § 200 and common law negligence claims are dismissed as to Eric. Labor Law § 200 is a codification of the common-law duty to provide workers with a reasonable safe place to work and so if Plaintiff's Labor Law § 200 claims fail so too does his common law negligence claims (*Mejia v Levenbaum*, 30 AD3d 262 [1st Dept 2006]). As stated by the First Department, under Labor Law § 200, the owner is not required to supervise the contractor for the benefit of the contractor's employees unless the owner assumed direct responsibility for the method of work performed (*Lombardi v Stout*, 178 AD2d 208, 212 [1st Dept 1991]).

Eric did not assume direct responsibility for the method of work performed by Mr. Rodriguez. Indeed, Mr. Schweigert testified that prior to Mr. Rodriguez's accident, he was present at the Residence and told Mr. Rodriguez to go home. Nonetheless, Mr. Schweigert, rather than ensuring Mr. Rodriguez did go home, decided to leave the Residence.

Further, it is undisputed that Eric was not present on the date of the accident, that Eric had left the scaffold disassembled and segregated away from the worksite, and had Plaintiff asked Eric to use the scaffold, Eric would not have consented. Based on these facts, the First Department's decision in *Scekic v. SL Green Realty Corp.* is on point (132 AD3d 563, 565-566 [1st Dept 2015]). In *Scekic*, the defendant "Schindler Elevator had no knowledge that its ladder was being used by plaintiff, who was not its employee" (*id.*). Moreover, it was undisputed that Schindler would not have consented to the use of its ladder if asked and kept its equipment segregated from the other contractors' equipment. (*id.*). The First Department held that to impose liability on Schindler in such a circumstance "stretches the concepts of duty and foreseeability too far, regardless of whether Schindler's ladder was defective." The First Department's holding in *Scekic* applies to the facts of this case (*see also Hernandez v Pappco Holding Co., Ltd.*, 136 AD3d 981, 982 [2d Dept

160839/2020 RODRIGUEZ, SAMUEL vs. WHEELER, DAVID
Motion No. 002

Page 10 of 12

2016] [mere general supervisory authority at a work site is insufficient to impose liability under Labor Law § 200]).

### 4. Plaintiff's Cross-Motion for Summary Judgment

Viewing the facts in the light most favorable to the non-movants, the Court finds that material issues of fact preclude summary judgment on their Labor Law claims.[3] As stated by the Court of Appeals, to recover under Labor Law §§ 200, 240, and 241, a plaintiff must establish two criteria: 1) that he was permitted to perform work on a structure and, 2) that he was hired by the owner, the general contractor or an agent of the owner or general contractor (*Mordkofsky v V.C.V. Development Corp.*, 76 NY2d 573, 576 [1990]).

Before the Court is sworn testimony from Mr. Schweigert that Plaintiff was instructed not to come to the Residence and to leave the Residence once he arrived. Plaintiff was instructed not to use the baker scaffold and was not required to use a scaffold (NYSCEF Doc. 68 at 15:22-25; 18:15-25; 52:5-18). Likewise, Mr. Rodriguez admitted that he brought his own ladder to complete his work at the Residence and he admitted that this ladder was sufficient to apply sheetrock to the ceiling of the Premises (NYSCEF Doc. 64 at 45:9-23; 46:10-13).

This testimony creates material issues of fact. Most pertinently, there is a material issue of fact regarding whether Mr. Rodriguez was permitted to perform work at the Residence on the date of the accident. It is entirely possible that a jury may credit Mr. Schweigert's testimony and find that Mr. Rodriguez was not entitled to be on the premises on the date of the accident and was therefore not permitted to work on the Residence for purposes of Labor Law protection. The First Department has affirmed denial of a motion for summary judgment where there is conflicting evidence as to whether plaintiff had permission to perform work at the accident site on the day in

---

[3] Plaintiff's motion does not seek summary judgment under common law negligence principles.

160839/2020  RODRIGUEZ, SAMUEL vs. WHEELER, DAVID
Motion No. 002

Page 11 of 12

question (*Goya v Longwood Hous. Dev. Fund Co., Inc.*, 167 AD3d 402 [1st Dept 2018] citing

*Aslam v Neighborhood Partnership Hous. Dev. Fund Co., Inc.*, 135 AD3d 790, 791-792 [2d Dept

2016]). The same conflict exists here. Accordingly, Plaintiffs' motion is denied.

Accordingly, it is hereby,

ORDERED that Defendants David Wheeler and DKW Home Improvements motion for

summary judgment dismissing all claims and crossclaims against them is granted in part and

denied in part; and it is further

ORDERED that Defendants David Wheeler and DKW Home Improvements' motion for

summary judgment is granted solely to the extent that all claims and crossclaims are dismissed

against Defendant David Wheeler solely, and is otherwise denied; and it is further

ORDERED that Defendant Eric Whitke's cross-motion for summary judgment dismissing

all claims and crossclaims against him is granted; and it is further

ORDERED that Plaintiffs' cross-motion for summary judgment is denied; and it is further

ORDERED that within ten days of entry, counsel for Defendant Eric Whitke serve a copy

of this Decision and Order, with notice of entry, on all counsel via NYSCEF; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 7/9/2024 | | | *May V Road JSC* | | |
|----------|--|--|--------------------|--|--|
| **DATE** | | | **HON. MARY V. ROSADO, J.S.C.** | | |

| CHECK ONE: | | CASE DISPOSED | x | NON-FINAL DISPOSITION | | |
|------------|--|---------------|---|----------------------|--|--|
| | | GRANTED | DENIED | x | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

160839/2020  RODRIGUEZ, SAMUEL vs. WHEELER, DAVID                    Page 12 of 12
Motion No. 002

12 of 12