Graves v Sava Serbian Orthodox Church
2026 NY Slip Op 03390
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Casandra Harris Graves, Plaintiff-Respondent,
v
Sava Serbian Orthodox Church Also Known as Sava Serbian Orthodox Cathedral of New York City, et al., Defendants, Srpska Istocn-Prvoslavna Crkva Svetoga Save Also Known as Serbian Eastern-Orthodox Church of Saint Sava, Defendant-Appellant-Respondent.
[A Third-Party Action]
Srpska Istocn-Prvoslavna Crkva Svetoga Save Also Known as Serbian Eastern-Orthodox Church of Saint Sava, Second Third-Party Plaintiff-Appellant-Respondent,
G.P.J. O'Donoghue Contracting Corp., Second Third-Party Defendant-Respondent-Appellant.

Decided and Entered: June 02, 2026
Index No. 157595/19 595231/20 595121/23|Appeal No. 6782|Case No. 2024-03019|
Before: Manzanet-Daniels, J.P., Kennedy, Mendez, Michael, Hagler, JJ.

Abrams, Gorelick, Friedman & Jacobson, LLP, New York (Steven Disiervi of counsel), for appellant-respondent.
Milber Makris Plousadis & Seiden, LLP, Purchase (Alexander D. Fisher of counsel), for respondent-appellant.
Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York (Christopher J. Donadio of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about April 1, 2024, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment on her Labor Law § 240 (1) claim, and conditionally granted defendant Saint Sava's motion for summary judgment on its claim for contractual indemnification against second third-party defendant G.P.J. O'Donoghue Contracting Corp. (GPJ), but denied as academic summary judgment to Saint Sava on its claim for common-law indemnification against GPJ, unanimously modified, on the law, without costs, to grant Saint Sava's cross-motion for unconditional summary judgment on its contractual indemnification claim and its common-law indemnification claim against GPJ, and otherwise affirmed, without costs.
Supreme Court correctly found that plaintiff demonstrated prima facie entitlement to partial summary judgment on her Labor Law § 240 (1) claim (see Gallagher v New York Post, 14 NY3d 83, 88 [2010]) by showing that Gregory Graves, the incapacitated person, fell 11 feet through an unprotected opening. In response, Saint Sava and GPJ failed to raise an issue of fact as to whether Graves was the sole proximate cause of his accident (see Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1168 [2020]). GPJ's vice president testified that the opening in question should have been covered by GPJ, and that there were no anchor points to facilitate use of a safety harness. These facts eliminate the possibility that the accident was solely attributable to Graves.
Saint Sava is entitled to unconditional contractual indemnification from GPJ. The Saint Sava-GPJ indemnification clause requires GPJ to indemnify Saint Sava for damages arising out of "bodily injury . . . caused by the negligent acts or omissions of" GPJ. The indemnification clause does not violate General Obligations Law § 5-322.1(1) since Saint Sava's liability for which indemnification is sought is "vicarious and purely statutory," there being no evidence that Saint Sava was actively negligent and plaintiff not having opposed Saint Sava's motion to dismiss the negligence-based causes of action (Colozzo v National Ctr. Found., Inc., 30 AD3d 251, 252 [1st Dept 2006]). The record reveals that GPJ was negligent since, as discussed above, GPJ's vice president admitted that GPJ was responsible for site safety, that the opening Graves fell into should have been covered with plywood, that GPJ was responsible for covering that opening, and that an appropriate fall protection system with tie-off points was not in place near the opening (see e.g. Gallagher v Levien & Co., 72 AD3d 407, 409 [1st Dept 2010]).
[*2]
Saint Sava's motion for summary judgment on its common-law indemnification claim against GPJ should not have been denied as academic. An indemnitee's entitlement to contractual indemnification from an indemnitor generally renders the indemnitee's common-law indemnification claim against the indemnitor academic (see Weidtman v Tremont Renaissance Hous. Dev. Fund Co., Inc., 224 AD3d 488, 491-492 [1st Dept 2024]). However, a party may be entitled to both contractual indemnification and common-law indemnification if the plaintiff suffered a "grave injury" (see Fresco v 157 E. 72nd St. Condominium, 2 AD3d 326, 328 [1st Dept 2003]). The record is devoid of evidence that Saint Sava was actively negligent or that it controlled GPJ's work, Saint Sava was entitled to summary judgment on its common-law indemnification claim against GPJ (see Drummond v 450 Partners LLC, 210 AD3d 494, 494-495 [1st Dept 2022]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026