■ GARY HARTMAN et al., Respondents, v RALPH GALASSO, Appellant and Third-Party Plaintiff. PATRICK WRIGHT et al., Third-Party Defendants-Respondents. [641 NYS2d 262] —Order, Supreme Court, Suffolk County (Harry E. Seidell, J.), entered on or about January 30, 1995, denying defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, and the motion granted.

Plaintiff sues for injuries sustained when, while working on the installation of a slate roof on a one-family dwelling, located in Southampton, New York, and owned by defendant, the scaffolding upon which he was standing collapsed. Defendant had contracted with Patrick Wright to remove and dispose of the existing asphalt shingle roof and replace it with slate shingles. As "[c]ontractor", Wright agreed to "furnish all labor, materi-

als, tools, scaffolds, rigging, hoists, disposal, etc." Plaintiff was hired by Wright without defendant's advice or consent.

It is undisputed that Wright, the contractor, supplied the tools, equipment and scaffolding for plaintiff's use and that defendant did not inspect or have anything to do with the equipment, particularly the scaffolding, or have any control over the manner of the performance of the work, although he did complain about the quality of the work and the length of time it was taking.

In his complaint, which included his wife's derivative claim, plaintiff alleged negligence in the ownership and control of the premises and, in particular, that the scaffolding was improperly secured. Defendant moved for summary judgment dismissing the complaint, claiming Labor Law § 240 (1)'s exemption from liability for "owners of one and two-family dwellings who contract for but do not direct or control the work." The IAS Court denied the motion, finding issues of fact on the issue of whether defendant directed or controlled the work within the meaning of Labor Law § 240 (1). We reverse.

The 1980 amendments to Labor Law §§ 240 and 241, exempting the owners of one and two-family dwellings who neither direct nor control the work (L 1980, ch 670, §§ 1, 2 [eff June 30, 1980]), were intended "to remove 'the burden of strict liability from such owners when they have nothing whatsoever to do with the carrying out of the work' (1980 NY Legis Ann, at 266)." (*Rimoldi v Schanzer*, 147 AD2d 541, 545; *Ennis v Hayes*, 152 AD2d 914.) As this record discloses, defendant neither directed nor controlled the work being performed. Nor did he supply the hand tools or scaffolding used to perform the roofing work. While he did engage in brief discussions as to the work's progress and the quality of the work, his comments were of a type and character which might be expected of any homeowner. Plaintiff specifically testified that defendant, who appeared at the worksite only on weekends, never instructed him as to how to use the materials or perform the work. Nor do the express contractual provisions relied upon by plaintiff, including the requirement that the removal of the old shingle roof and skylights not impair the structural integrity of the roof, and that the replacement and mitering of "copper hips" and "ridges" be performed in a manner acceptable to the owner, vest in defendant the degree of direction and control over the work sufficient to divest him of Labor Law § 240 (1)'s exemption. Since there is no issue of fact presented as to defendant's entitlement to the statutory exemption, summary judgment should have been granted. Concur—Sullivan, J. P., Ellerin, Rubin and Mazzarelli, JJ.