■ PETER FRANK, Appellant, v BECK WAINWRIGHT HOLDING CORP., Respondent. [720 NYS2d 163] —In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Colabella, J.), entered October 6, 1999, which granted the defendant's motion for summary judgement dismissing the complaint, (2), as limited by his brief, from so much of an order of the same court, dated January 10, 2000, as, upon reargument, adhered to the prior determination, and (3) from an order of the same court, dated January 25, 2000, which, *sua sponte,* resettled the order dated January 10, 2000.

Ordered that on the Court's own motion, the notice of appeal from the order dated January 25, 2000, is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the appeal from the order dated October 6, 1999, is dismissed, as that order was superseded by the order dated January 10, 2000, made upon reargument; and it is further,

Ordered that the appeal from the order dated January 10, 2000, is dismissed, as that order was superseded by the order dated January 25, 2000; and it is further,

Ordered that the order dated January 25, 2000, is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The defendant made a prima facie showing of entitlement to judgment as a matter of law. It was unforeseeable that the plaintiff, while at the defendant's premises to conduct business as the defendant's accountant, would take it upon himself to climb a ladder from which he would then fall and sustain an injury (*see, Basso v Miller,* 40 NY2d 233; *Johnson v Summa,* 230 AD2d 633). Moreover, the plaintiff failed to satisfy the required elements of the doctrine of res ipsa loquitur (*see, Finocchio v Crest Hollow Club,* 184 AD2d 491; *DeSimone v Inserra Supermarkets,* 207 AD2d 615). In opposition, the plaintiff failed to submit evidence sufficient to establish the existence of a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557). Bracken, Acting P. J., O'Brien, Florio and Schmidt, JJ., concur.