■ ZORAN SCEKIC et al., Respondents, v SL GREEN REALTY CORP et al., Appellants, et al., Defendants. STRUCTURE TONE, INC., Third-Party Plaintiff-Respondent-Appellant, v REACT INDUSTRIES, INC., et al., Third-Party Defendants-Respondents-Appellants, and FL MECHANICAL LLC, Third-Party Defendant-Appellant-Respondent. STRUCTURE TONE, INC., et al., Second Third-Party Plaintiffs-Respondents-Appellants, v FRP SHEET METAL CONTRACTING CORP., Second Third-Party Defendant-Respondent-Appellant. (And Another Third-Party Action.) [19 NYS3d 26]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered January 24, 2014, which, to the extent appealed from, granted plaintiffs partial summary judgment on their Labor Law § 240 (1) claim; denied defendant 1515 Broadway Fee Owner LLC (1515 Broadway) summary judgment dismissal of plaintiffs' Labor Law § 200 and common-law negligence claims, denied it summary judgment on its third-party contractual indemnification claims against FL Mechanical LLC (FL Mechanical), React Industries, Inc. (React) and FRP Sheet Metal Contracting Corp. (FRP), and granted FL Mechanical summary judgment dismissal of the contractual indemnification claim against them, and denied it summary judgment on its purported cross claims against defendant Structure Tone, Inc.; denied defendants Structure Tone and SL Green Realty (SL Green) summary judgment dismissal of plaintiffs' Labor Law § 200 and common-law negligence claims, denied them summary judgment on their third-party claims against FRP for contractual and common-law indemnification and contribution, denied them summary judgment on their third-party claims against FL Mechanical and React for contractual indemnification for failure to procure insurance, and granted FRP summary judgment dismissal of the claims for common-law

indemnification and failure to procure insurance, granted FL Mechanical summary judgment dismissal of the claims for contractual indemnification and failure to procure insurance, and granted React summary judgment dismissal of the claims for common-law indemnification and contribution; denied FRP summary judgment dismissal of SL Green and Structure Tone's claims for contractual indemnification; denied FL Mechanical summary judgment dismissal of React's cross claim for contractual indemnification; denied React summary judgment dismissal of all claims against it for contractual indemnification and failure to procure insurance; and denied Schindler summary judgment dismissal of all third-party and cross claims against it; unanimously modified, on the law, to dismiss the Labor Law § 200 and common-law negligence claims against 1515 Broadway, to dismiss all claims by and against SL Green, to reinstate Structure Tone's claims for contractual indemnification and failure to procure insurance against FL Mechanical, to reinstate Structure Tone's claim for failure to procure insurance against FRP, to dismiss all claims against Schindler Elevator, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing all claims by and against defendant SL Green Realty Corp. and all claims and cross claims against Schindler Elevator Corp.

Plaintiff Zoran Scekic was an employee of third-party FL Mechanical, working on the HVAC for an Aeropostale retail store located at 1515 Broadway in Manhattan. Defendant 1515 Broadway is the owner of the building, defendant Structure Tone was the general contractor for the build-out. Structure Tone had hired defendant FRP for the HVAC. However, FRP typically only did the "dry side" of an HVAC installation, the duct work, contracting out the "wet side," or steamfitters' mechanical work, to third-party defendant React. Structure Tone was willing to contract with React, going so far as to prepare and partially execute documents hiring it, before learning that React had a mechanic's lien on the building, and could not enter into a contract for the job. A "gentleman's agreement" was reached whereby FRP would be the conduit for dealing with and paying React, which would still do the work. After this agreement was reached, React contracted with FL Mechanical to actually do the work.

On the morning of the accident, plaintiff was in the basement of Aeropostale reviewing the blueprints for his day's work when Michael Sansone, Structure Tone's project superintendent, asked him to move a pipe that was hanging too low on the first floor and blocking installation of the dry wall ceiling.

Plaintiff and Sansone went to the first floor, where plaintiff observed that the pipe was hanging from a 20-foot ceiling, about 18 feet in the air. Plaintiff told Sansone that FL Mechanical had sent its ladders and scaffolds back to its shop, and had nothing available to reach the pipe. Sansone allegedly (he denied it) told plaintiff to use an extension ladder located near the elevator, which turned out to be the property of Schindler Elevator. Plaintiff took the ladder and proceeded to work on moving the pipe when the ladder broke, causing plaintiff to plummet 15 feet to the concrete floor and sustain injury.

On these facts, the motion court correctly granted summary judgment on plaintiff's Labor Law § 240 (1) claim. Proof that a ladder was defective or that it slipped, tipped, was placed improperly or otherwise failed to provide support gives rise to 240 (1) liability (*see Felker v Corning Inc.*, 90 NY2d 219, 224-225 [1997]; *Nascimento v Bridgehampton Constr. Corp.*, 86 AD3d 189, 191 [1st Dept 2011]).

Plaintiff, in his submissions to this Court, has abandoned his Labor Law § 200 claims as against 1515 Broadway, the owner of the building, and SL Green, also an alleged owner of the building. The motion court correctly denied Structure Tone's motion for summary judgment dismissing plaintiff's Labor Law § 200 claims; there is a question of fact concerning whether Sansone, for Structure Tone, instructed plaintiff to use Schindler's ladder in express contravention of the project's work rules, and whether that potential negligence was a proximate cause of plaintiff's accident.

We dismiss plaintiff's Labor Law § 200 and Labor Law § 240 (1) claims against SL Green. There is simply no evidence in the record that SL Green was the owner of the premises—1515 Broadway is. We note that in his submission to this Court, plaintiff stated that he would not object to a denial of his motion for partial summary judgment on 240 (1) liability as against SL Green.

The record clearly shows that Schindler Elevator had no knowledge that its ladder was being used by plaintiff, who was not its employee, in contravention of the worksite's rules and construction site best practices. Schindler has made clear that it would not have consented to the use of its ladder if asked, and kept its equipment segregated from the other contractors' equipment. Moreover, there is no basis for any contractual indemnification claims against Schindler, as it did not contract with Structure Tone, but directly with Aeropostale for installation of the elevator. Imposing common-law indemnification or contribution liability on Schindler for plaintiff's improper use

of its ladder or Structure Tone's improper direction to plaintiff to use it stretches the concepts of duty and foreseeability too far, regardless of whether Schindler's ladder was defective (*see e.g. Frank v Beck Wainwright Holding Corp.*, 279 AD2d 606 [2d Dept 2001]).

Here, plaintiff's recovery properly lies with the remaining defendants, owner, 1515 Broadway, and Structure Tone, the owner's contractor. In its submission on appeal, 1515 Broadway seeks summary judgment against Structure Tone for common-law indemnification and contribution; however, 1515 Broadway does not appear to have asserted these cross claims against Structure Tone, giving the Court no basis to grant this relief.

The motion court correctly determined that questions of fact exist concerning the contractual indemnification claims. If there is anything that the record makes clear, it is that the precise roles and relationships between Structure Tone, FRP, React and FL Mechanical, and precisely what each subcontractor agreed to are unclear and need to be resolved by the trier of fact. To that end, we further modify the motion court's decision to deny FL Mechanical's motion for summary judgment dismissing Structure Tone's contractual indemnification claims and dismissing the breach of contract for failure to procure insurance claims. There is, at least, an issue of fact concerning whether FL Mechanical, through its contract with React, agreed to indemnify, defend and provide insurance for Structure Tone, the general contractor. Moreover, we modify to the extent the motion court concluded that React was a subcontractor of FRP; that too is an issue of fact to be decided at trial, once all the contractual relationships are established.

We have considered the parties' remaining arguments and find them unavailing. Concur—Sweeny, J.P., Renwick, Saxe and Gische, JJ.