Ovalle v Buckwalter (2020 NY Slip Op 05861)





Ovalle v Buckwalter


2020 NY Slip Op 05861


Decided on October 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 20, 2020

Before: Kapnick, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 20677/15E Appeal No. 12113 Case No. 2018-5934 

[*1]Osvaldo Ovalle, Plaintiff-Appellant,
v
Jane F. Buckwalter, Defendant-Respondent, Roger S. Foster, et al., Defendants.
Jane F. Buckwalter, Third-Party Plaintiff-Respondent,
v
WM Dorvillier & Company, Third-Party Defendant-Respondent.


Ginarte Gallardo Gonzalez & Winograd, LLP, New York (Joel Celso of counsel), for appellant.
Law Office of Fern Flomenhaft PLLC, New York (Madeline E. Shapiro of counsel), for respondent.



Order, Supreme Court, Bronx County (Lizbeth González, J.), entered November 26, 2018, which, to the extent appealed as limited by the briefs, granted defendant Jane Buckwalter's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
On July 10, 2013, plaintiff was employed by third-party defendant WM Dorvillier & Company, Inc. (Dorvillier) as a laborer on a renovation project at 184 Berkeley Place, in Brooklyn. Plaintiff injured his hand and leg while using an allegedly defective mill grinder. Defendant Jane Buckwalter has owned the premises, a four floor, two-family brownstone, since 1969. The top floor residence was occupied by a tenant couple, defendant resided in the two middle floors of the building, and one of the ground floor medical offices was rented, while defendant, a psychologist, used the other.
The project was to demolish an old set of iron stairs leading to the second floor at the rear of the building and build an open-air porch at that level. The new porch would be accessible only through defendant's kitchen. Defendant stated that the renovation was intended for her residential use alone. Defendant did not supervise or control Dorvillier's work, and all tools were provided by Dorvillier. Defendant was not home when the accident occurred, and she had never met plaintiff.
The motion court correctly dismissed plaintiff's complaint, finding that defendant was entitled to the two-family homeowner exemption in the Labor Law. "The determination whether the exemption is available to an owner in a particular case turns on the site and purpose of the work" (Khela v Neiger, 85 NY2d 333, 337 [1995]). In Khela, the Court found that the defendant was entitled to the benefit of the homeowner's exemption as "the site and purpose of the construction was solely connected with remodeling the building into a residential and single tenant space, not creating or enhancing a commercial usage" (id. at 338; see also Cannon v Putnam, 76 NY2d 644, 650 [1990]).
Similarly here, the site and purpose of the work, installation of a porch that would only be accessible to defendant through her apartment, served no commercial purpose for the residential portion of the Castro v Mamaes, 51 AD3d 522, 523 [1st Dept 2008]). We decline to follow Assevero v Hamilton & Church Properties, LLC (131 AD3d 553 [2d Dept 2015]) as it is distinguishable.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2020