## Rodriguez v Wheeler

2024 NY Slip Op 32332(U)

July 9, 2024

Supreme Court, New York County

Docket Number: Index No. 160839/2020

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. MARY V. ROSADO**                  PART                    **33M**

                                              *Justice*

-------------------------------------------------------------------X

SAMUEL RODRIGUEZ, YESENIA RODRIGUEZ,                  INDEX NO.        160839/2020

                              Plaintiff,              MOTION DATE      12/02/2023

                  - v -                               MOTION SEQ. NO.      003

DAVID WHEELER, DKW HOME IMPROVEMENTS,
JUSTINE WITZKE, ERIC WITZKE,                          **DECISION + ORDER ON**
                                                      **MOTION**
                              Defendant.

-------------------------------------------------------------------X


DAVID WHEELER, DKW HOME IMPROVEMENTS                  Third-Party
                                                     Index No.  595483/2021
                              Plaintiff,

                  -against-

DRYWALL SOLUTIONS INC.

                              Defendant.

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 118, 135, 151

were read on this motion to/for            SUMMARY JUDGMENT(AFTER JOINDER      .

Upon the foregoing documents, and after oral argument, which took place on October 3, 2023, where Gregory S. Gennarelli, Esq. appeared for Plaintiffs Samuel Rodriguez ("Mr. Rodriguez") and Yesenia Rodriguez (collectively "Plaintiffs"), Jeffrey L. Richman, Esq. appeared for Defendants/Third-Party Plaintiffs, David Wheeler ("Mr. Wheeler") and DKW Home Improvements ("DKW"), Charles J. Scheld, Esq. appeared for Defendant Justine Witzke ("Justine") and Christoper L. Cornish, Esq. appeared for Defendant Eric Witzke ("Eric"), Justine's motion seeking summary judgment dismissing all claims and cross-claims against her is granted.[1]

---

[1] Defendant David Wheeler as an individual defendant was dismissed.

**160839/2020  RODRIGUEZ, SAMUEL vs. WHEELER, DAVID**                  **Page 1 of 7**
**Motion No.  003**

## A. Background

For a more thorough recitation of the facts, the Court refers the reader to the Court's Decision and Order on motion sequence 002. In this motion, Justine moves for summary judgment dismissing all claims and crossclaims asserted against her (NYSCEF Doc. 83). Justine argues that she (a) never gave any instruction to Mr. Rodriguez; (b) she never hired or fired any workers or subcontractors Mr. Wheeler brought to the Residence, and (c) she exercised no authority, supervision, direction or control over the work being performed at the Residence. Justine further argues that the Residence is used as a residence with no commercial purpose and therefore she falls within the liability exception for one family homeowners. Justine argues she is entitled to summary judgment dismissing Labor Law § 200 claims because she exercised no supervision or control over Mr. Rodriguez or the manner, method or means of how he performed his work.

The Plaintiffs oppose and argue that Eric, as the agent of Justine, exercised sufficient control and direction over the manner and means of Mr. Rodriguez's work to deny them the benefit of the homeowner exemption. Plaintiffs point to deposition testimony from Eric wherein he admitted he had authority to stop work at the jobsite and Justine delegated to him a degree of control at the jobsite to oversee work at the premises. Plaintiffs also argue that issues of fact exist because the scaffold from which Mr. Rodriguez fell was owned by Eric. Finally, Plaintiffs argue that Justine is not entitled to dismissal of Labor Law § 200 claims because Eric provided a scaffold that was defective.

DKW argues that if an issue of fact is found to exist as to their entitlement to summary judgment than an issue of fact must also be found to exist as to Justine's entitlement to summary judgment. The argument is essentially that Justine may have taken on the role of general contractor

160839/2020  RODRIGUEZ, SAMUEL vs. WHEELER, DAVID
Motion No.  003

Page 2 of 7

[* 2]

and may have rented out her Sag Harbor Residence. In reply, Justine argues that Eric was not her statutory agent. She argues that requests to make changes or fix imperfections do not give rise to the level of control to impose Labor Law liability. Likewise, she argues that since she exercised no control over the construction work, she cannot be liable pursuant to Labor Law § 200.

### B. Legal Analysis

#### 1. Standard

Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial. *See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.,* 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment (*see Banco Popular North Am. v Victory Taxi Mgt., Inc.,* 1 NY3d 381 [2004]).

#### 2. The Homeowner Exception

Justine's motion to dismiss Plaintiff's Labor Law §§ 240(1) and 241(6) claims against her is granted. As stated by the Court of Appeals, for a person to be "directed" as used in Labor Law § 240(1), there must be supervision of the manner and method of the work to be performed (*Duda v John W. Rouse Const. Corp.*, 32 NY2d 405, 409 [1973]). The 1980 amendments to Labor Law §§ 240 and 241 which exempt the owners of one and two family dwellings who neither direct nor

control work were intended to remove the burden of strict liability from such owners when they have nothing whatsoever to do with carrying out the work (*Hartman v. Galasso*, 226 AD2d 256, 257 [1st Dept 1996] citing *Rimoldi v Schanzer*, 147 AD2d 541, 545 [2d Dept 1989]). Discussions as to the work's progress and quality are comments of a type which might be expected of any homeowner and do not give rise to the level of direction or control contemplated by the Labor Law (*id.*). On the other hand, the direction to use materials supplied by a homeowner, to reuse old materials rather than new material, and being at the job site daily warrants denying application of the homeowner exemption (*Garcia v Martin*, 285 AD2d 391, 392-393 (1st Dept 2001).

It is undisputed that this is a single-family residence and there is no evidence that the residence was being used for commercial purposes. The key issue then is whether Justine directed or controlled Mr. Rodriguez's work. Here, Mr. Rodriguez testified he never even met Justine (NYSCEF Doc. 66 at 141:22-23). When asked if she ever gave any kind of instructions on what to do while he was working there, Mr. Rodriguez responded "I wouldn't know who she is." (*Id.* at 142:3-6). He likewise testified that he did not know who Eric is (*id.* at 177:3-5). When asked who the general contractor was, Mr. Rodriguez identified Mr. Wheeler (*id.* at 40:14-17).

With regard to the scaffold, it is undisputed that neither Eric nor Justine directed Mr. Rodriguez to use the scaffold. Mr. Rodriguez testified he did not know who the scaffold belonged to, did not ask for permission to use the scaffold, and the day of the incident was the first day he used the scaffold (*id.* at 47:6-25; 48:15-18). In short, Justine did not provide any direction or exercise any control to remove her from Labor Law § 240(1)'s homeowner exception (*Lieberth v Walden*, 223 AD2d 978, 979-980 [3d Dept 1996]; *Kelly v Bruno and Son, Inc.*, 190 AD2d 777 [2d Dept 1993] [owners periodic review of work progress and selection in brick color and design did not rise to requisite level of direction and control]). The same analysis applies to Plaintiff's Labor

160839/2020  RODRIGUEZ, SAMUEL vs. WHEELER, DAVID
Motion No. 003

Page 4 of 7

[* 4]

Law § 241(6) claims. That section likewise provides an "exception to owners of one and two-family dwellings who contract for but do not direct or control the work" (*see also Khela v Neiger*, 85 NY2d 333 [1995]; *Ovalle v Buckwalter*, 187 AD3d 583 [1st Dept 2020]).

### 3. Eric as Agent for Justine

The Court finds Plaintiffs' contention that Justine may be held vicariously liable under Labor Law §§ 240(1) and 241(6) for the acts or omissions of Eric to be without merit. Just as the undisputed facts show that Justine neither instructed or controlled Mr. Rodriguez's work, so too do the undisputed facts show that Eric did not instruct or control Mr. Rodriguez's work (*see, e.g. Affri v Basch*, 13 NY3d 592 [2009]; *Urquiza v Park and 76th St., Inc.*, 172 AD3d 518 [1st Dept 2019]; *Levy v Baumgarten*, 147 AD3d 823, 824 [2d Dept 2017]; *Thompson v Geniesse*, 62 AD3d 541, 542 [1st Dept 2009]).

Although Eric complained about what he believed to be deficient work, the discussion was simply about the allegedly missing cornerbead. No party legitimately contends that Eric instructed or controlled the manner and method by which the shoddy workmanship was to be remediated, and no party legitimately contends that Eric instructed Mr. Rodriguez to use the scaffold. Therefore, even if Eric was vested with the authority to impose vicarious liability on Justine, this is not a material issue of fact because the undisputed evidence shows that Eric did not exercise the requisite control to give rise to Labor Law §§ 240(1) and 241(6) liability (*cf. Ramirez v I.G.C. Wall Systems, Inc.*, 140 AD3d 1047 [2d Dept 2016] [homeowner's control of work site exceeded that of ordinary homeowner, since he assembled and placed makeshift ladder from which worker fell and instructed workers to use it for access to second floor and was 8 to 10 feet away from worker at time of his fall]).

160839/2020   RODRIGUEZ, SAMUEL vs. WHEELER, DAVID
Motion No. 003

Page 5 of 7

#### 4. Labor Law § 200 and Common Law Negligence

Plaintiff's Labor Law § 200 and common law negligence claims are dismissed as to Justine. Labor Law § 200 is a codification of the common-law duty to provide workers with a reasonable safe place to work and so if Plaintiff's Labor Law § 200 claims fail so too does his common law negligence claims (*Mejia v Levenbaum*, 30 AD3d 262 [1st Dept 2006]). As stated by the First Department, under Labor Law § 200, the owner is not required to supervise the contractor for the benefit of the contractor's employees unless the owner assumed direct responsibility for the method of work performed (*Lombardi v Stout*, 178 AD2d 208, 212 [1st Dept 1991]). Justine did not assume direct responsibility for the method of work performed by Mr. Rodriguez. The undisputed material facts show that Mr. Schweigert, as Mr. Rodriguez's employer, controlled the means and methods by which Mr. Rodriguez performed work.

Further, it is undisputed that Justine was not present on the date of the accident, that Eric had left the scaffold disassembled and segregated away from Plaintiff's worksite, and had Plaintiff asked Justine or Eric to use the scaffold they would not have consented. Based on these facts, the First Department's decision in *Scekic v. SL Green Realty Corp.* is on point (132 AD3d 563, 565-566 [1st Dept 2015]). In *Scekic*, the defendant "Schindler Elevator had no knowledge that its ladder was being used by plaintiff, who was not its employee" (*id.*). Moreover, it was undisputed that Schindler would not have consented to the use of its ladder if asked and kept its equipment segregated form the other contractors' equipment. (*id.*). The First Department held that to impose liability on Schindler in such a circumstances "stretches the concepts of duty and foreseeability too far, regardless of whether Schindler's ladder was defective." The First Department's holding in *Scekic* applies to the facts of this case (*see also Hernandez v Pappco Holding Co., Ltd.*, 136 AD3d 981, 982 [2d Dept 2016]).

160839/2020   RODRIGUEZ, SAMUEL vs. WHEELER, DAVID
Motion No. 003

Page 6 of 7

## 5. Derivative and Crossclaims

As Mr. Rodriguez's direct claims against Justine have been dismissed, and the Plaintiff Yesenia Rodriguez only maintains claims which are derivative of Mr. Rodriguez's direct claims, Mrs. Rodriguez's claims fail as a matter of law (*see Mehtani v New York Life Ins. Co.* 145 AD2d 90 [1st Dept 1989]). Likewise, the co-defendants' crossclaims for contribution and common-law indemnification must be dismissed.

Accordingly, it is hereby,

ORDERED that Defendant Justine Witzke's motion for summary judgment dismissing all claims and crossclaims against her is granted; and it is further

ORDERED that Plaintiffs' Samuel Rodriguez and Yesenia Rodriguez's claims against Defendant Justine Witzke are dismissed; and it is further

ORDERED that Defendant/Third-Party Plaintiffs David Wheeler and DKW Home Improvements' crossclaims against Justine Witzke are dismissed; and it is further

ORDERED that within ten days of entry, counsel for Defendant Justine Witzke shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 7/9/2024 | | | | *Mary V Rosado* JSC | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | | |
| **CHECK ONE:** | ☐ | CASE DISPOSED | ☒ | NON-FINAL DISPOSITION | | |
| | ☒ | GRANTED | ☐ DENIED | ☐ | GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ | SETTLE ORDER | | ☐ | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

160839/2020  RODRIGUEZ, SAMUEL vs. WHEELER, DAVID
Motion No. 003

Page 7 of 7

7 of 7