## Aguirre v 635 Madison Fee Prop. Owner LLC

2024 NY Slip Op 33390(U)

September 26, 2024

Supreme Court, New York County

Docket Number: Index No. 151111/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**

*Justice*

PART      33M

-------------------------------------------------------------------X

JEAN AGUIRRE,

                         Plaintiff,

                   - v -

635 MADISON FEE PROPERTY OWNER LLC,TECTONIC
BUILDERS INC.,BRONXDALE ELECTRIC
INC.,IRONWOOD REALTY CORPORATION, RICHEMONT
NORTH AMERICA, INC.,MONTBLANC,

                       Defendants.

-------------------------------------------------------------------X

RICHEMONT NORTH AMERICA, INC., and MONTBLANC,

                       Plaintiffs ,

                   - v -

TECTONIC BUILDERS INC.

-------------------------------------------------------------------X

TECTONIC BUILDERS INC.

                       Plaintiff,

                   -against-

PRACTICAL PLUMBING AND HEATING INC.

                       Defendant.

-------------------------------------------------------------------X

INDEX NO.     151111/2021

MOTION DATE     08/31/2024

MOTION SEQ. NO.     003

**DECISION + ORDER ON MOTION**

Third-Party
Index No.154132/2021

Second Third-Party
Index No. 595529/2021

The following e-filed documents, listed by NYSCEF document number (Motion 003) 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 245, 247, 248, 249, 250, 261, 262, 265, 266, 267, 280, 281, 299, 300, 301, 302, 303, 304, 305

were read on this motion to/for                JUDGMENT - SUMMARY         .

       Upon the foregoing documents, Plaintiff Jean Aguirre's motion for partial summary

judgment on the issue of liability with respect to his Labor Law 240(1) and 241(6) claims, and for

[* 1]

spoliation sanctions against Defendant/Third-Party Plaintiff Tectonic Builders Inc. ("Tectonic") is granted in part and denied in part. Tectonic's cross-motion seeking dismissal of Plaintiff's Complaint is denied.

## I.      Background

This is an action for personal injuries which Plaintiff alleges he sustained after falling from a ladder. Plaintiff is seeking relief under Labor Law §§ 200, 240(1), and 241(6) (*see generally* NYSCEF Doc. 1). Plaintiff was employed as a plumber by Third-Party Defendant Practical Plumbing and Heating, Inc. ("Practical") (NYSCEF Doc. 171 at 32:13-16). Plaintiff was working for Practical at 635 Madison Avenue, New York, New York (the "Worksite") in January of 2021 (*id.* at 41:2-14). The land was owned by Defendant 635 Madison Fee Property Owner LLC ("635 Madison") (NYSCEF Doc. 174 at 15:8-13). The building was owned by Defendant Ironwood Realty Corporation ("Ironwood") (*id.* at 17:2-5). Defendant Montblanc leased Worksite (*id.* at 40:22-25). Tectonic was retained to be the general contractor at the Worksite (*id.* at 21:8-14; 22:6-10). Tectonic contracted with Plaintiff's employer, Practical, to perform plumbing work (NYSCEF Doc. 175 at 47:11-14).

Joseph Latona ("Mr. Latona") served as the project superintendent for Tectonic (NYSCEF Doc. 175). Mr. Latona admitted that as the project site superintendent, it was his responsibility to ensure workers were safe (*id.* at 44-45). Mr. Latona testified that it was Tectonic's policy that each subcontractor would bring their own ladders and materials to the Worksite, and subcontractors were prohibited from sharing their ladders with other trades (*id.* at 53-54).

Plaintiff's supervisor was Peter Constantakis ("Peter"). Peter testified that Practical kept ladders on the Worksite (NYSCEF Doc. 177 at 38-39). Practical provided Plaintiff with ladders to complete his work (NYSCEF Doc. 171 at 66:14-17).

[* 2]

Plaintiff was injured on January 29, 2021 while working in the basement of the Worksite (*id.* at 76:6-15). Peter told Plaintiff that he needed help because Practical was behind schedule and "the boss wanted it to be finished that day" (*id.* at 93-94). He was instructed to install a new drain in the ceiling (*id.* at 96:6-10), with Peter assisting him and Peter providing the ladder (*id.* at 100:9-15). According to Plaintiff, Peter did not assist and instead sat in a chair scrolling on his telephone (*id.* at 113:3-5; 114:3-19). Plaintiff asked for help but Peter refused (*id.* at 115:4-13; 121:7-8). Plaintiff made it to the second to last step on the ladder with the pipe steady on his shoulder (*id.* at 124:2-13; 125:12-13). The ladder then broke, and Plaintiff fell (*id.* at 126:2).

Plaintiff testified he was on the ground for approximately 30 minutes and witnessed individuals removing the ladder (*id.* at 137:20-24) because the fire department and police were coming to the accident scene (NYSCEF Doc. 172 at 292:5-13). Plaintiff's supervisor testified that he did not see Plaintiff's accident (NYSCEF Doc. 177 at 30:12-15). Peter corroborated Plaintiff's account that he provided and set up the ladder for Plaintiff (*id.* at 48-49). However, Peter testified the color of the ladder he set up was yellow (*id.* at 49:4-6). Peter testified that Plaintiff fell near a green ladder, and he did not know who owned the green ladder (*id.* at 82-83). Peter testified that the yellow ladder had been taken away and when he tried to find it Mr. Latona told him "don't worry about it" (*id.* at 155-156).

Mr. Latona did not observe personally Plaintiff's accident but arrived at the scene after Plaintiff fell (NYSCEF Doc. 176 at 88-89). Mr. Latona observed a green fiberglass ladder on the floor in an open position (*id.* at 90). Mr. Latona testified that he inspected the ladder and saw that one hinge was broken (*id.* at 101:21-25). Mr. Latona testified that the ladder broke which caused Plaintiff to fall (*id.* at 102:2-8). Mr. Latona further testified that the ladder collapsed under the weight of the Plaintiff (*id.* at 163:13-18).

[* 3]

After the accident, Mr. Latona instructed a carpenter to dismantle the ladder and to put the pieces in a garbage can so it would not be used again (*id.* at 113:2-7). The ladder was dismantled with a screw gun and a circular saw (*id.* at 115-116). Mr. Latona conceded that as the incident involved a defective ladder, he should have preserved the ladder (*id.* at 131). The New York City Department of Buildings issued a citation to Tectonic (NYSCEF Doc. 184) and the Department of Buildings issued a stop work order (NYSCEF Doc. 137 at 260-61). Peter testified the ladder which was broken was the Practical ladder (NYSCEF Doc. 177 at 96).

## II. The Instant Motion for Summary Judgment

Plaintiff now moves for partial summary judgment on his Labor Law § 240(1) and 241(6) claims.[1] Plaintiff argues he is entitled to summary judgment on his Labor Law § 240(1) claim. He was installing piping in the ceiling of a worksite when the ladder he was using broke, causing him to fall and be injured. Plaintiff argues that 635 Madison Fee, Ironwood, and Montclair (collectively "Owner Defendants") are all statutory owners under Labor Law § 240(1) while Tectonic is liable as the general contractor. Plaintiff also argues that spoliation sanctions should be issued against Tectonic for destroying the ladder. Plaintiff asks this Court to either (a) strike Tectonic's answer; (b) preclude Tectonic from challenging the fact that the ladder was broken; or (c) to issue a negative inference about the condition of the ladder.

The Owner Defendants oppose and argue that Plaintiff should be denied summary judgment because he elected to perform a "two-man" task on his own accord. The Owner Defendants also argue that summary judgment should be denied because Plaintiff merely lost his balance, and his fall did not occur based on a ladder malfunction. Tectonic also opposes and argues

---

[1] Because Plaintiff is granted partial summary judgment on his Labor Law § 240(1) claim, his Labor Law § 241(6) claims are academic. Therefore, for the sake of brevity, the Court limits its discussion to the Labor Law § 240(1) claims.

that it should not be held liable under Labor Law § 240(1) because Practical was the party who provided the ladder. Tectonic also joins the Owner Defendants' argument that Plaintiff simply lost his balance and therefore there can be no liability under Labor Law § 240(1). Tectonic opposes Plaintiff's motion for spoliation sanctions by arguing that the ladder was only destroyed in the interest of workplace safety. Tectonic further argues that the parties had an opportunity to examine the ladder prior to its destruction, and following its destruction it was kept in a garbage can on the worksite for at least a week. It also claims that the loss of the ladder as evidence is not fatal to the claims or defenses of any party due to the existence of photographs and deposition testimony.

In reply, Plaintiff argues Tectonic's argument that it did not provide the ladder is without merit as Labor Law § 240(1) imposes a non-delegable duty on general contractors to ensure that workers have adequate safety devices to perform their work. Plaintiff also argues that there is no basis to argue that Plaintiff lost his balance when Mr. Latona admitted at his deposition testimony that Plaintiff fell because a ladder's hinge broke. Plaintiff further argues that he cannot be considered the sole proximate cause of his accident because he "disobeyed" his supervisor's instructions when the testimony shows that Peter either refused to help Plaintiff or believed Plaintiff did not need his help.

### III.   Discussion

#### A.  Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.,* 22 NY3d 824, 833 [2014]).

Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). As stated by the Court of Appeals, "Labor Law § 240(1) is to be construed as liberally as may be for the accomplishment of the purpose for which it was framed" (*Ross v Curtis-Palmer Hydro-Electric Co.*, 81 NY2d 494 [1993]).

### B. Labor Law § 240(1)

Plaintiff's motion for summary judgment on his Labor Law § 240(1) claim is granted. Here, it is undisputed that the Owner Defendants can all be considered statutory owners under Labor Law § 240(1). Likewise, it is undisputed that Tectonic was a general contractor for purposes of Labor Law § 240(1). Plaintiff was engaged in covered work at an ongoing construction site by installing piping in the basement ceiling. Finally, Plaintiff was using a defective ladder which collapsed while Plaintiff was working at a height thereby causing Plaintiff to fall. Based on these undisputed facts, Plaintiff has met his *prima facie* burden under Labor Law § 240(1) (*see Scekic v SL Green Realty Corp.*, 132 AD3d 563, 565 [1st Dept 2015]).

The facts of *Sceckic* are on all fours with the instant case. There, the First Department affirmed the trial court's award of summary judgment on Labor Law § 240(1) to the plaintiff who fell while using a ladder to move a pipe in a basement ceiling. The ladder broke while in use by Plaintiff and the First Department held that "[o]n these facts, the motion court correctly granted summary judgment on plaintiff's Labor Law § 240(1) claim."

Although Tectonic seeks to avoid liability by arguing that Practical supplied Plaintiff with the broken ladder, this argument is without merit as Labor Law § 240(1) places a non-delegable duty on all general contractors to ensure that adequate safety devices are provided to workers (*see,*

e.g. *White v 310-01 Steinway, LLC*, 165 AD3d 449, 452 [1st Dept 2018] citing *Headen v Progressive Painting Corp.*, 160 AD2d 319, 320 [1st Dept 1990]).

Likewise, the hearsay statement in Tectonic's accident report which stated Plaintiff fell because he lost his balance creates only a feigned issue of fact insufficient to defeat summary judgment, as it is contradicted by the deposition testimony of every witness, including the statement's author, Mr. Latona (*see Saavedra v 89 Park Ave. LLC*, 143 AD3d 615 [1st Dept 2016] [inconsistent testimony from same witness created feigned issue of fact insufficient to defeat Plaintiff's Labor Law § 240(1) summary judgment motion]).

Defendants' argument that Plaintiff should be considered the sole proximate cause of his accident because he decided to ascend the ladder on his own is insufficient to defeat Plaintiff's motion. As a preliminary matter, where, as here, there is a statutory violation arising from a broken ladder, it is conceptually impossible for a plaintiff to be considered the sole proximate cause of his accident (*Quiroz v Memorial Hospital for Cancer and Allied Diseases*, 202 AD3d 601, 604 [1st Dept 2022]; *Noor v City of New York*, 130 AD3d 536, 540 [1st Dept 2015]). Second, Plaintiff's supervisor testified that he did not believe the task he gave Plaintiff was a two-person job and admitted that he walked away as Plaintiff began to ascend the ladder (*see* NYSCEF Doc. 177 at 202:2-11 ["that's embarrassing to ask for help as a mechanic for a pipe that already has its supports up there"]). To the extent Defendants argue that Plaintiff should have refused to complete the task until his supervisor agreed to support him, the First Department has already found that such arguments overlook the realities of construction work and are insufficient to make a plaintiff out to be a recalcitrant worker (*Gutierrez v 451 Lexington Realty LLC*, 156 AD3d 418, 419 [1st Dept 2017] citing *DeRose v Bloomingdale's Inc.*, 120 AD3d 41, 47 [1st Dept 2014] ["when faced with an employer's instruction…many workers would be understandably reticent to object for fear of

jeopardizing their employment and their livelihoods"]). Thus, Defendants have failed to raise a material issue of fact sufficient to defeat Plaintiff's *prima facie* Labor Law § 240(1) violation.

Because Plaintiff's Labor Law §240(1) claim is granted, Plaintiff's Labor Law § 241(6) claim is denied as academic (*Malan v FSJ Realty Group II LLC*, 213 AD3d 541, 542 [1st Dept 2023]; *Howard v Turner Constr. Co.*, 134 AD3d 523, 524 [1st Dept 2015]).

### C. Spoliation

Because the Court has already found Tectonic liable to Plaintiff under Labor Law § 240(1), Plaintiff's motion for spoliation sanctions to the extent he seeks an adverse inference charge or precluding Tectonic from offering evidence regarding the condition of the ladder is moot. To the extent Plaintiff asks this Court to strike Tectonic's Answer, this Court declines. The sanction of striking an answer is one of the most extreme spoliation sanctions a Court may impose. Here, Plaintiff was not prejudiced by the destruction of the ladder as there was sufficient testimonial evidence from multiple witnesses to establish Tectonic's liability under Labor Law § 240(1). While the Court in no way condones Tectonic's destruction of the ladder, Plaintiff was not prejudiced in the presentation of his case to the extent of striking Plaintiff's Answer, and issuing an adverse inference charge where Plaintiff already succeeded on his summary judgment motion would result in an empty sanction.

### D. Tectonic's Cross-Motion

Because Plaintiff has already succeeded on his motion for summary judgment against Tectonic, and Tectonic is liable to Plaintiff for a Labor Law § 240(1) violation, Tectonic's cross-motion seeking dismissal of Plaintiff's Complaint is denied as moot. It would be academic to determine whether Tectonic is entitled to dismissal under Labor Law § 200 and 241(6) when it has already been found liable to Plaintiff under Labor Law § 240(1) (*see also Jerez v Tishman Const.*

[* 8]

*Corp. of New York*, 118 AD3d 617 [1st Dept 2014] ["Since plaintiff is entitled to summary judgment as to liability on his section 240(1) claim, we need not address plaintiff's Labor Law § 200, § 241(6), or OSHA article 1926 claims]).[2]

Accordingly, it is hereby,

ORDERED that Plaintiff's motion for partial summary judgment as to liability on his Labor Law § 240(1) claim against Defendants 635 Madison Fee Property Owner LLC, Ironwood Realty Corporation, Montblanc, and Tectonic Builders Inc. is granted; and it is further

ORDERED that the remainder of Plaintiff's motion is denied;

ORDERED that Tectonic's cross-motion seeking dismissal of Plaintiff's Complaint is denied; and it is further,

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 9/26/2024 | | | | *May V Rosat JSC* | |
|-----------|--|--|--|--------------------|--|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|------------|-----------------|---------------------------|--|
| | ☐ GRANTED  ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

---

[2] In any event, as Plaintiff argues, the cross-motion is untimely and does not seek identical relief to the underlying motion. Tectonic provides no reason why this Court should consider its untimely cross-motion for summary judgment (*Amill v Lawrence Rben Co., Inc.*, 117 AD3d 433 [1st Dept 2014]; *Corchado v City of New York*, 64 AD3d 429 [1st Dept 2009]).

**151111/2021  AGUIRRE, JEAN vs. 635 MADISON FEE PROPERTY**
**Motion No. 003**

**Page 9 of 9**

[* 9]